## Breathitt Coal, Iron and Lumber Co. v. Patrick.

(Decided May 12, 1911.)

### Appeal from Breathitt Circuit Court.

Attorney at Law—Partnership—Contingent Fee—Refusal of One Partner to Sue—Action by other Partner—In this action the court instructed the jury "that if they believe from the evidence that the defendant Company agreed with the firm of Bach & Patrick, or with J. J. C. Bach, to pay them the sum of $1,500.00 in settlement of their contingent fee in the cases named in the pleadings and proof, they will find for the plaintiff, otherwise they will find for the defendant." The jury found for the appellee Patrick and appellant company claims there is not evidence to support

the finding. Held that Bach was a necessary party to the action, but as he refused to become a plaintiff, his partner did right in making him a defendant.

KELLY KASH, CHESTER A. BACH, GRAUNES BACH and HAZELRIGG & HAZELRIGG, for appellant.

McQUOWN & BECKHAM and O. H. POLLARD, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was brought upon an account against the Breathitt Coal, Iron and Lumber Co., in favor of Bach & Patrick, a law firm of Jackson, Breathitt County, Kentucky. Appellant denied that it owed the account or that it ever promised to pay it. Only two witnesses were introduced on the trial of the case, and they were Patrick and Bach. The court instructed the jury as follows:

"The court instructs the jury that if they believe from the evidence that the defendant, Breathitt Coal, Iron and Lumber Company, agreed with the firm of Bach & Patrick or with J. J. C. Bach for said firm to pay to said firm the sum of $1,500 in settlement of the contingent fee of said Bach & Patrick in the cases named in the pleadings and proof, the jury will find for the plaintiff the amount claimed in the petition; otherwise they will find for the defendant."

The jury found for appellee and appellant claims that there is no evidence to support the finding. If there is evidence to support it, the case must be affirmed, although this court might have found differently under the evidence if the issue of facts had been submitted to it. We can reverse only when the verdict is flagrantly against the evidence, as is provided by the laws of the State. The facts developed in the record are in substance, these: Bach & Patrick were partners in the practice of law in Jackson from 1897 to the first of 1905, and about 1902 they brought an action for Robert Conley, Sr., and others against Miller, Stacy and others to set aside deeds to about 5,000 acres of land in Knott County, Ky., and thereby recover the land for the plaintiffs. Conley and others agreed and promised to pay them for their services in said action a sum of money equal in value to one-half the value of the land, which was worth about $4 an acre, or $20,000. The litigation progressed for some time, and it appears that the appellant purchased the claim of the plaintiffs in that action for $2,-

000 in cash, agreeing to settle with their stated attorneys for their fee. The deed conveying the plaintiffs' right in the land was not made direct to appellant, but was made to their general agent, F. W. Fletcher, or Warren, his brother-in-law, who held it in trust for appellant. It seems that the attorneys and all the plaintiffs had great hopes of being successful in that action, and the general representative of appellant desired to avoid paying an attorney's fee equal to one-half the value of the land, therefore he induced the attorneys to release their contingent fee and accept a fee of $1,500 certain. This matter was not agreed to immediately, but continued for some time as Patrick refused to acceed to the proposition. He at last consented, however, and a charge of $1,500 against appellant was entered on the books of Bach & Patrick, and it appears from the evidence and the circumstances that F. W. Fletcher, the general agent of appellant, knew of the entry. Bach & Patrick dissolved the partnership about the first of 1905. On a settlement it was found that Bach had collected more of the firm's money than had Patrick and that he owed appellee $2,600. The account sued on was made out, and J. J. C. Bach made and signed the following statement thereunder:

"For value received of John E. Patrick I assign and transfer to him my part of the above account. Nov. 10, 1905."

Bach says in his testimony that appellant did not agree to pay this account, and it is intimated in the briefs that it promised to pay only upon the contingency that they won the case. It was a question for the jury to determine as to whether or not the firm of attorneys agreed to surrender a contingent claim for $10,000 and take one in lieu of it for $1,500 upon a like contingency. After the agreement to pay $1,500 regardless of the result of the suit, appellant's general manager furnished the cash to prosecute the action referred to, at least paid all the expenses of J. J. C. Bach to Los Angeles, California, to take depositions in that case. Bach admitted it furnished him the money for that purpose, but claims that it was given to him as a present.

Appellant virtually bases its whole contention for a reversal of the judgment upon statements made by Patrick which are to the effect that F. W. Fletcher "never agreed to pay me the debt nor any one representing ap-

pellant had promised to pay me the debt." When these statements are considered in connection with the fact that F. W. Fletcher was the only representative of appellant in Jackson and that he and appellee were not upon friendly terms and had no communication of any kind, the jury probably though it reasonable that Fletcher had never promised Patrick in person to pay him the debt. All the conversations had with reference to this claim passed between the general manager and Bach, appellee's partner, and appellee understood the contract between them to be as stated. Many statements and cirmumstances were introduced as evidence from which the jury had the right to conclude that the claim sued on was a just one, and that the defense attempted to be made was an afterthought. It also had a right to conclude that their action in defending the case was somewhat out of the ordinary as it did not put the general agent, F. W. Fletcher, on the witness stand, for it was with him that the attorneys claimed that the transaction was had, therefore he must have known the truth as well as or better than any one.

Bach was a necessary party to the action, and as he refused to become a plaintiff Patrick did right in making him a defendant.

The process in this action was served upon F. W. Fletcher, chief agent of appellant in Breathitt County, and a motion was made to quash the service of the process, and in support of the motion appellant filed an affidavit which is as follows:

"The affiant, F. W. Fletcher, says that he is not the agent for the Breathitt Coal, Iron and Lumber Co.; he says that the only agent of said defendant company upon whom service of process can be served is S. D. Rouse, who resides in the city of Covington, and county of Kenton."

Patrick filed a counter affidavit to the effect that Fletcher had charge of the business of appellant in Breathitt County; that he had acted as general agent for that company in all its business matters for more than two years last past. The court overruled the motion to quash. It will be noticed that Fletcher's affidavit states "that he is not an agent for the Breathitt Coal, Iron and Lumber Co." He does not state that he was not the chief agent of the company in that county at the

time the process was served upon him. He might have been discharged as agent a few minutes before he made the affidavit and re-appointed shortly thereafter, and his affidavit would have been literally true. Considering all the evidence introduced, Fetcher was certainly the chief agent of appellant in that county down to the time of service of process upon him in this action.

For these reasons, we can not say that the jury had no evidence to support their verdict, therefore, the judgment is affirmed.